NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ABDIEL F. AVILA, | : | |
| | : | Civil Action No. 13-0779 (JAP) |
| Plaintiff, | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION & ORDER** |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

1. Plaintiff Abdiel F. Avila ("Plaintiff"), a state inmate presently confined at the New Jersey State Prison, submitted for filing his civil complaint ("Complaint") accompanied by his application to prosecute the same in forma pauperis, pursuant to 28 U.S.C. § 1915. See Docket Entry No. 1. Plaintiff's Complaint named as Defendants in this matter the State of New Jersey, the State's Attorney General, and the Commissioner of the State's Department of Corrections. See id.

2. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis, pursuant to 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45

        (3d Cir. 1997) (holding that frivolousness dismissals entered even prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if his pleadings aver to the facts showing that he is "under imminent danger of serious physical injury." Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

3. An examination of court records reveals that Plaintiff is a recreational litigant who has filed numerous civil actions in various courts, including this District and the United States Court of Appeals for the Third Circuit.  The bulk of Plaintiff's prior actions ensued from his redemptionist/sovereign citizen beliefs, which Plaintiff asserted as the grounds for his claims. While many of Plaintiff's prior challenges of this type were raised by means of habeas petitions, some of these challenges were asserted in civil complaints and, upon dismissal of those complaints, appealed.  Those particular dismissals were with prejudice at the district level, and his appeal was analogously dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). See, e.g., Avila v. Dominquez, U.S.C.A. Index No. 08-1549; Avila v. State of New Jersey, Civ. Action No. 09-2540 (RBK) (D.N.J.);  Avila v. State of New Jersey, Civ. Action No. 08-3699 (NLH) (D.N.J.); Avila v. U.S. District Court, Civ. Action No. 07-5760 (JEI) (D.N.J.).

4. Accordingly, Plaintiff has reached and exceeded the statutory limit, as set forth in 28 U.S.C. § 1915(g), and he is precluded from seeking in forma pauperis status due to the operation of

the "three strikes" rule: unless his pleading avers to the facts showing that he is currently in "imminent danger of serious physical injury."

5. In this Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, as in his prior civil right and habeas actions, Plaintiff is challenging his conviction on the basis of his redemptionist/sovereign citizen beliefs. See Docket Entry No. 1. Therefore, Plaintiff may not proceed in forma pauperis in this matter.

**IT IS**, therefore, on this 14th day of February, 2013,

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis is denied with prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that Plaintiff may have this case reopened if, *and only if*, Plaintiff prepays his $350.00 filing fee within thirty days from the date of entry of this Memorandum Opinion and Order; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

/s/ Joel A. Pisano
**JOEL A. PISANO**
**United States District Judge**