NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ABDIEL F. AVILA, | : |
| Plaintiff, | : Civil Action No. 13-0779 (JAP) |
| v. | : |
| STATE OF NEW JERSEY, et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

1. On February 7, 2013, Plaintiff Abdiel F. Avila ("Plaintiff"), a state inmate presently confined at the New Jersey State Prison, submitted for filing his civil complaint ("Complaint") accompanied by his application to prosecute this matter in forma pauperis under 28 U.S.C. § 1915. See Docket Entry No. 1. The Court denied Plaintiff in forma pauperis status since he had already incurred three strikes. See Docket Entry No. 2. The Court explained to Plaintiff that he had to prepay the $350 filing fee. See id. In addition, the Court pointed out numerous deficiencies in Plaintiff's pleading and clarified that, in the event Plaintiff prepays his filing fee, he should submit his amended pleading in conjunction with such prepayment. See id.

2. In response, Plaintiff submitted: (a) an amended pleading, see Docket Entry No. 4; (b) another in forma pauperis application, see Docket Entry No. 5; and (c) a motion seeking relief from the Court's prior order. See Docket Entry No. 6 (asserting that the Court had to address Plaintiff's amended pleading on the merits prior to resolving the filing fee issue). Since Plaintiff was subject to the "three-strikes" rule and had no right to litigate this matter (including the claims stated in his amended pleading) until and unless he prepaid his filing

fee of $350, the Court re-denied him in forma pauperis status without addressing the merits of his amended pleading. See Docket Entry No. 7.

3. On April 16, 2013, Plaintiff prepaid his $350 filing fee.[1] On May 15, 2013, he filed a motion asserting that this Court dismissed his original complaint on the merits without providing him with an opportunity to amend, even though the Court's prior orders expressly provided otherwise. See Docket Entry No. 9. Five days later, Plaintiff filed another motion requesting service of his amended pleading upon the defendants,[2] seemingly without the Court's screening of this pleading. See Docket Entry No. 10.

4. Plaintiff is a recreational litigant who has filed numerous civil actions in various courts, including this District and the United States Court of Appeals for the Third Circuit. The bulk of Plaintiff's prior actions ensued from his redemptionist/sovereign citizen beliefs, which Plaintiff asserted as the grounds for his claims. While many of Plaintiff's prior challenges were raised by means of habeas petitions, some of them were asserted in civil complaints and, upon dismissal of those complaints, appealed. Those district level dismissals were with prejudice, and his appeals were analogously dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). See, e.g., Avila v. Dominquez, U.S.C.A. Index No. 08-1549; Avila v. State

---

[1] The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a). However, effective May 1, 2013, if a litigant prepay the filing fee, an additional $50 administrative fee shall be submitted for a total of $400. See http://www.njd.uscourts.gov/sites/njd/files/AdminFee_0.pdf ("Effective May 1, 2013, pursuant to Judicial Conference Policy, all federal courts will begin charging a new $50 administrative fee for filing a Civil Action, Suit or Proceeding in a District Court, in addition to the $350 filing fee for a total of $400"). Since the action at bar was commenced prior to May 1, 2013, it is not subject to additional $50 fee.

[2] Where a plaintiff is not proceeding in forma pauperis, the Court is not obligated to order the U.S. Marshal to effect service under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915. Rather, the obligation to effectuate service rests with the plaintiff, although the Court enjoys discretion to direct service by the U.S. Marshal if the event the plaintiff shows good cause.

of New Jersey, Civ. Action No. 09-2540 (RBK) (D.N.J.); Avila v. State of New Jersey, Civ. Action No. 08-3699 (NLH) (D.N.J.); Avila v. U.S. District Court, Civ. Action No. 07-5760 (JEI) (D.N.J.).

5. The instant action presents another action of the aforesaid type. Specifically, in his original complaint, Plaintiff re-asserted his redemptionist/sovereign citizen beliefs and, through the prism of the same, challenged his arrest that took place on June 30, 2006, his conviction and sentence, and his resulting incarceration. See Docket Entry No. 1 (seeking vacatur of his conviction, injunctive relief against potential retrial or re-conviction, expungement of his criminal record, monetary damages for his conviction and incarceration and, for the reason not entirely clear to this Court – remedy under the Second Chance Act). Plaintiff's amended complaint effectively paraphrased his original complaint, being substantively indistinguishable. See Docket Entry No. 4.

6. To the extent Plaintiff challenges his conviction or sentence, or the fact of his incarceration, or the execution of his sentence within the meaning of the Second Chance Act, his challenges are subject to dismissal for lack of habeas jurisdiction. A habeas corpus petition is the sole proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); see also Muhammad v. Close, 540 U.S. 749 (2004); Edwards v. Balisok, 520 U.S. 641 (1997); Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); accord Ganim v. Federal Bureau of Prisons, 235 F. App'x. 882 (3d Cir. 2007); Castillo v. FBOP FCI Fort Dix, 221 F. App'x. 172 (3d Cir. 2007). The same applies to challenges raised under the Second Chance Act. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005); Johnson v. Zickefoose, 2012 U.S. Dist. LEXIS 166148

(D.N.J. Nov. 20, 2012). Correspondingly, Plaintiff's claims seeking either release or a vacatur of his conviction/sentence, or injunctive relief in the form of an order barring re-trial, or a "quantum change" in his confinement by the means of transfer to a community correctional center, etc., will be dismissed as improperly raised in this civil rights matter.

7. Plaintiff's claim seeking expungement is also without merit, even if the Court were to hypothesize that such challenge is cognizable in a civil matter. The remedy of expungement might, theoretically, be viable under the dictum of Williams v. Fed. Bureau of Prisons, 85 F. App'x 299 (3rd Cir. 2004). In that matter, the Court of Appeals observed:

> We have never had to decide whether to endorse the right of expungement announced in Paine v. Baker, 595 F.2d 197 (4th Cir. 1979), and other Circuit Courts of Appeals have expressly questioned its precedential value. [See] Johnson v. Rodriguez, 110 F.3d 299, 308-09 n. 13 (5th Cir. 1997). . . . [In Williams] the Court of Appeals for the Fourth Circuit announced that, in limited circumstances, state prisoners have a federal due process right to have "prejudicial erroneous information expunged from their prison files." [Paine,] 595 F.2d at 202. The [Paine] court held: "In certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that *the information is false*, and (3) that it is relied upon to a constitutionally significant degree." Id. at 201. . . . Even if we assume arguendo that [the inmate] can assert a Paine v. Baker expungement claim . . . , it is nevertheless clear that he is not entitled to relief [of expungement of] his prison file [where the information on file is factually correct].

Williams, 85 F. App'x at 303 (emphasis supplied).

Here, however, the facts of Plaintiff's conviction and sentence are not false and, thus, they are properly in his record. Therefore, his expungement claim is facially without merit and will be dismissed.

8. Moreover, to the extent Plaintiff seeks monetary damages in connection with his conviction or incarceration, his claims are premature under Heck v. Humphrey, 512 U.S. 477 (1994).

In <u>Heck</u>, the Supreme Court addressed a corollary question to that presented in <u>Preiser</u>, <u>i.e.</u>, whether a prisoner could implicitly challenge the constitutionality of his conviction or sentence in a § 1983 suit seeking only damages (a form of relief not available through a habeas corpus proceeding). The Court rejected § 1983 as a vehicle to implicitly challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

<u>Id.</u> at 486-87 (footnote omitted).

In light of a prisoner's inability to initiate a valid § 1983 action for wrongful conviction or sentence until and unless such conviction or sentence is overturned, <u>Heck</u> coined the concept of prematurity, pursuant to which "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90. Therefore, Plaintiff's claims for monetary damages are subject to dismissal as facially premature, and he may raise them in a timely complaint only if and after he has his conviction or sentence is overturned either by a state court's decision or as a result of a federal habeas writ.

9. Finally, Plaintiff's challenges to his arrest are facially untimely.[3] Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's false arrest claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269. New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (establishing tolling due to minority or insanity); N.J.S.A. § 2A:14-22 (establishing tolling because of nonresidency of the persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective

---

[3] In Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court expressly addressed the question when a § 1983 claim for false arrest in violation of the Fourth Amendment accrues. The Court held that such claim (and the accompanying claim for false imprisonment) accrues immediately upon the arrest at issue, and the period of limitations begins to run as soon as the false imprisonment ends, i.e., when the arrestee becomes held pursuant to legal process. Hence, the injury of false arrest/false imprisonment can be based solely on the events/restraint that takes place from the moment of arrest and until the moment of arrestee being held pursuant to legal process, e.g., arraignment.

pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. Here, Plaintiff's redemptionist/sovereign citizen beliefs, albeit facially meritless under the law, cannot qualify him as a person lacking mental capacity and, thus, they cannot trigger the statutory tolling. Moreover, his prolific litigation history verifies that he was availed to and took advantage of his unfettered opportunity to litigate every claim he desired to raise. Indeed, he already challenged his arrest in a multitude of prior actions, without success. See, e.g., Avila v. New Jersey, 2009 U.S. Dist. LEXIS 70692 (D.N.J. Aug. 10, 2009). Thus, he is not entitled to equitable tolling, and his false arrest claim should be dismissed as time barred or, alternatively, under the doctrine of res judicata.

10. Since all Plaintiff's challenges are deficient, his original and amended pleadings should be dismissed. Although the courts, generally, grant leave to file amended a deficient pleading freely, see DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000), issuance of a leave to amend is not warranted in this matter, since Plaintiff's challenges make it abundantly clear that such amendment would be futile, and he already was granted an opportunity to amend his original complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, his amended complaint will be dismissed with prejudice.

Date: May 21, 2013

/s/ Joel A. Pisano
**Joel A. Pisano**
**United States District Judge**