NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABDIEL F. AVILA,

        Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

        Defendants.

Civil Action No. 13-0779 (JAP)

**OPINION**

This matter comes before the Court upon Plaintiff's filing of three motions, see Docket Entries Nos. 13, 14 and 15 (seeking reconsideration of this Court's prior ruling and this Court's recusal), and upon Plaintiff's application for transfer this matter to the assigned Magistrate Judge. See Docket Entry No. 16. For the reasons detailed below, Plaintiff's motions will be denied, and his application will be dismissed.

On February 7, 2013, Plaintiff, an inmate presently serving his prison term at the New Jersey State Prison, submitted for filing his civil complaint ("Complaint") accompanied by an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] See Docket Entry No. 1.

---

[1] [Plaintiff] was convicted on the bases of offenses he committed against his stepdaughter at the time when she was thirteen and fourteen years old. [Plaintiff] planted in his stepdaughter's backpack a "typewritten letter addressed to her from the 'Sisterhood.' The letter informed her that she was required to undergo sexual training prior to turning eighteen years old, and part of that training was to have sex with [Plaintiff] who was, allegedly, the person responsible for her training. The letter made references to people that would appeal to youth, such as popular musical artists, and said that these people had undergone such training. [Plaintiff] told his stepdaughter that she had to engage in sexual activities with him, and if she did not, people close to her, such as her mother and her godfather, 'would

The Court denied Plaintiff in forma pauperis status since Plaintiff had already incurred three strikes and directed Plaintiff to prepay $350 filing fee. See Docket Entry No. 2. The Court also noted numerous deficiencies in Plaintiff's complaint and directed Plaintiff to submit an amended pleading clarifying Plaintiff's challenges in the event he prepays the filing fee. See id.

In response, Plaintiff submitted an amended pleading, see Docket Entry No. 4, and another in forma pauperis application, see Docket Entry No. 5, accompanied by a motion for reconsideration. See Docket Entry No. 6 (effectively asserting that the Court had to address Plaintiff's amended pleading on the merits prior to resolving the filing fee issue). The Court re-denied Petitioner in forma pauperis status without reaching the merits of his amended pleading. See Docket Entry No. 7.

On April 16, 2013, Plaintiff prepaid his filing fee and followed it by two motions, one falsely asserting that this Court dismissed his original complaint on the merits without providing Plaintiff with an opportunity to amend, see Docket Entry No. 9, and another requesting service of Plaintiff's amended pleading upon Defendants without screening. See Docket Entry No. 10.

The Court, however, screened Plaintiff's amended complaint and dismissed it for failure to state a claim upon which relief can be granted.[2] See Docket Entry No. 11.

---

probably get hurt.' Those threats were also contained in the letter." . . . [Plaintiff] continued raping his stepdaughter for eight months, until she reported the ordeal in a note to her grandfather.

Avila v. Warden of N.J. State Prison, 2011 U.S. Dist. LEXIS 57991, at #-4, n.2 (D.N.J. May 31, 2011) (citations to Plaintiff's state proceedings, original brackets and ellipses omitted).

[2] In conjunction with said screening, the Court noted that Plaintiff was a recreational litigant who had filed numerous civil actions in various courts, including this District and the Court of Appeals for the Third Circuit, that the bulk of those actions built on Plaintiff's redemptionist/sovereign citizen beliefs and that those actions were dismissed as frivolous. See

Specifically, the Court noted that Plaintiff asserted his redemptionist/sovereign citizen beliefs and, through the prism of these beliefs, challenged his arrest (that took place on June 30, 2006), his conviction/sentence and his resulting incarceration. See id. at 3. Addressing Plaintiff challenges to his conviction/sentence and incarceration, and his challenges to the execution of his sentence within the meaning of the Second Chance Act, the Court pointed out that such challenges were subject to dismissal for lack of habeas jurisdiction even had they been viable. See id. at 3-4 (elaborating on the same and providing Plaintiff with the relevant case law).

Turning to Plaintiff's claim seeking injunctive relief of expungement, the Court found Plaintiff's claim without merit. See id. at 4. Analogously, the Court entertained the merits of Plaintiff's claim seeking monetary damages for his conviction/incarceration and found that claim premature under Heck v. Humphrey, 512 U.S. 477 (1994). See Docket Entry No. 11, at 4-5. Finally, turning to Plaintiff's challenges attacking his arrest, the Court dismissed that claim as facially untimely under Wallace v. Kato, 549 U.S. 384 (2007), and the governing statute of limitations law. See id. at 6-7 and n. 3.

Since the aforesaid deficiencies of Plaintiff's challenges could not be cured by another repleading, the Court dismissed Plaintiff's amended complaint with prejudice. See id. at 7. The Court's opinion to that effect, see Docket Entry No. 11 ("May Opinion"), was issued on May 21, 2013, and docketed together with an appropriate order. See Docket Entry No. 12 ("May Order").

---

Docket Entry No. 11, at 2-3 (detailing the same and listing indices of some of Plaintiff's prior actions); see also Roche v. AG United States, 420 F. App'x 124, 125 and nn. 1 and 2 (3d Cir. 2011) (noting that Plaintiff sought to renounce his United States citizenship on the basis of his participation in the sovereign citizen movement).

Within the following five weeks, Plaintiff filed his three motions and one application at bar. See Docket Entries Nos. 13 to 16.

The first motion sought reconsideration of the Court's May Order. See Docket Entry No. 13. That motion, a 24-page submission, accused to the undersigned of "bad behavior," see Docket Entry No. 13, at 2, reasserted habeas challenges to Plaintiff's conviction,[3] see id. at 2-4 and 12-16, alleged that the Court violated Plaintiff's rights by screening Plaintiff's pleading for sua sponte dismissal, see id. at 4-5, expressed Plaintiff's opinion that this Court's legal analysis was "confusing, conflicting and contradictory," id. at 5, recited, again, Plaintiff's challenges to his June 2006 arrest, see id. at 6-7, alleged that Plaintiff was entitled to amend his non-curable-by-amendment claims because he prepaid his filing fee of $350, see id. at 7-8, asserted Plaintiff's prior district- and appellate-level frivolous litigations were "immaterial" here, id. at 8-9, and repeated Plaintiff's sovereign citizenship/redemptionist beliefs so to support his jurisdictional challenges to the authority of his convicting state court. See id. at 9-11. The remainder of Plaintiff's motion was dedicated to a discussion of the timeliness and prematurity issues, as Plaintiff perceived them. See id. at 16-23.

Plaintiff's next motion, see Docket Entry No. 14, included a 28-page brief which "rejected" this Court's May Opinion and repeated Plaintiff's aforesaid statements; it also requested that the ruling on Plaintiff's motions would be made by the Magistrate Judge assigned to this matter. See Docket Entry No. 14-1. Plaintiff's third motion sought recusal of the undersigned and asserted bias on the part of this Court. See Docket Entry No. 15.

---

[3] For the reasons not entirely clear to this Court, Plaintiff read the Second Chance Act as a legislation enabling him to re-litigate his criminal conviction and sentence. See Docket Entry No. 13, at 11-12.

Plaintiff's final application was a request for final resolution of this matter by the Magistrate Judge. See Docket Entry No. 16.

To the extent Plaintiff's submissions could be construed as a collective motion seeking reconsideration of this Court's May Order, that motion will be denied. A motion for reconsideration is a device of limited utility. There are only four grounds upon which a motion for reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Assocs. v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see

also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly").

Plaintiff's lengthy submissions offer this Court no basis to alter the May Order. Plaintiff's challenges to his conviction/sentence are habeas claims, and they cannot be entertained in this action. His claims for monetary damages (sought on the basis of Plaintiff's conviction/confinement) are premature under Heck. Plaintiff's challenges to his June 2006 arrest are untimely, and no reason for equitable tolling can be gleaned from Plaintiff's lengthy filings. Plaintiff's motions express nothing but a disagreements with this Court's prior ruling. However, such disagreement should be raised through the appellate process. See Assisted Living, 996 F. Supp. at 442. Therefore, Plaintiff's submissions will be denied in substance.

To the extent Plaintiff's submissions could be construed as a collective motion for this Court's recusal, such motion lacks merit.

Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in a case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); accord Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir.

1990). Importantly, "beliefs or opinions which merit recusal must involve an extrajudicial factor," Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted), and the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). The reason for this rule is that judicial decisions "in and of themselves can only in the rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id. Consequently, a judge's prior adverse rulings cannot verify for the bias necessary for recusal under 28 U.S.C. § 455(a). See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001); United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999).

This is true even if the judge consistently made adverse rulings against the party, see McCalden v. California Library Assoc., 955 F.2d 1214, 1224 (9th Cir. 1990); United States v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989), because an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts. See Crenshaw v. Hodgson, 24 F. App'x 619, 621 (7th Cir. 2001) (citing Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994); Byrne, 261 F.3d at 1103). Finally, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972); see also Clemens, 428 F.3d at 1179; Sensley, 385 F.3d at 598-99.

Here, Plaintiff's seeks this Court's recusal because the Court addressed the merits of Plaintiff's amended pleading and found his claims neither viable nor amenable to cure by re-pleading. Nothing in the Court's decision evinced bias; in fact, such claims would have been

dismissed had they been raised by any other litigant. The record here also lacks any extrajudicial factor that might cause impartiality or antagonism on the part of this Court. If anything, this Court's careful parceling of Plaintiff's claims and grant of leave to amend should have persuaded him as to this Court's interest in availing Plaintiff to an opportunity to litigate his claims in good faith, that is, if such claims had merit.

Plaintiff's displeasure with this Court's taking notice of Plaintiff's prior actions and sovereign citizenship/redemptionist beliefs (noted even by the Court of Appeals) cannot be converted into evidence of bias, since: (1) Plaintiff's beliefs were expressly asserted in support of his challenges to his conviction/sentence and to the jurisdictional authority of his convicting state court; and (2) Plaintiff's allegations here raised had a substantial correlation to Plaintiff's prior actions that were dismissed as frivolous. Thus, Plaintiff's motion for recusal will be denied.

Lastly, Plaintiff's application for transfer of this matter to exclusive jurisdiction of the Magistrate Judge will be denied. Federal Rule of Civil Procedure 73 requires consent of both parties to such transfer. See Fed. R. Civ. P. 73(b)(1); see also Morrison v. Int'l Programs Consortium, Inc., 205 F.R.D. 61 (D.D.C. 2002) (both parties' consent to exercise of magistrate judge's jurisdiction must be explicit, voluntary, clear and unambiguous); Binder v. Gillespie, 184 F.3d 1059 (9th Cir. 1999) (if both parties fail to consent in writing to have a magistrate judge conduct civil proceedings and order entry of judgment, the magistrate judge does not have jurisdiction and any judgment (s)he enters is nullity). Here, because of Plaintiff's failure to state a viable claim, Defendants were neither served nor made appearance and, thus, could not have consented to the Magistrate Judge's jurisdiction.

For the foregoing reasons, Plaintiff's motions, Docket Entries Nos. 13, 14 and 15, will be granted in form and denied in substance, and Plaintiff's application, Docket Entry No. 16, will be dismissed. An appropriate Order follows.

/s/ Joel A. Pisano
**Joel A. Pisano**
**United States District Judge**

Dated: August 29, 2013